UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.: 8:23-cv-01207-FWS-DFM                              Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                              Attorneys Present for Defendants:

Not Present                                                                    Not Present

**PROCEEDINGS:**  (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [11] AND REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT

Before the court is Plaintiff Kathryn Engles' Motion to Remand ("Motion" or "Mot."). (Dkt. 11.) On September 21, 2023, Defendant Premium Brands OPCO LLC ("Defendant Premium Brands") filed an Opposition ("Opp."). (Dkt. 20.) On September 28, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 21.) On October 10, 2023, the court took the matter under submission. (Dkt. 29.) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion and **REMANDS** the action to Orange County Superior Court.

**I.    Background**

Plaintiff initiated this action in Orange County Superior Court on May 30, 2023. (Dkt. 1-1 ("Compl.").) Plaintiff alleges she was employed by Defendant Premium Brands from December 5, 2021, until approximately February 2023. (*Id.* ¶ 13.) On or about December 2022, Defendant Premium Brands asked its employees, including Plaintiff, to complete a survey. (*Id.* ¶ 14.) One of the questions in the survey asked the respondents which famous person they would most like to meet. (*Id.* ¶ 15.) Plaintiff believed her response would stay private and answered "Donald Trump" to the survey question. (*Id.* ¶ 16.) Defendant Premium

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                                  Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

Brands posted the survey results in an employee common area. (*Id.* ¶ 17.) After the survey results were posted, Plaintiff alleges she began experiencing harassment from her coworkers based on her response. (*Id.* ¶ 18.) Plaintiff reported the harassment to management in or about February 2023. (*Id.* ¶ 19.) Despite being aware of the harassment, Defendant Premium Brands failed to take any action to address the issue or protect Plaintiff from further harassment. (*Id.* ¶ 20.) Plaintiff alleges the ongoing harassment caused her significant mental distress and as a result of her distress, Plaintiff informed management that she could not come to work on February 8, 2023. (*Id.* ¶¶ 21-22.) Plaintiff alleges management interpreted Plaintiff's absence as a resignation and informed her that she was no longer welcome at the workplace. (*Id.* ¶ 23.)

  Based on these allegations, Plaintiff asserts six causes of action against Defendant Premium Brands for violations of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940, *et seq.*, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, supervision, and retention. (*Id.* ¶¶ 26-79.) Plaintiff also asserts a single cause of action against Defendants Elaine Doe and Margerie Doe for intentional infliction of emotional distress. (*Id.* ¶¶ 57-63.)

  Defendant Premium Brands removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. 1.)[1] Plaintiff moves to remand this action to state court on two grounds: (1) that the court lacks subject matter jurisdiction over actions arising under state

---

[1] Defendant Premium Brands argues in the Opposition that the Motion should be denied for Plaintiff's failure to adequately meet and confer. (Opp. at 2-3.) Although the court finds Plaintiff did not adequately meet and confer, the court, in its discretion, proceeds to consider the merits of the Motion and whether complete diversity exists in this case. *See* L. R. 7-4 ("The Court *may* decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.") (emphasis added); *Lander v. Bank of Am. Corp.*, 2012 WL 12951550, at *1 n.2 (C.D. Cal. Jan. 11, 2012) (waiving meet and confer requirement and proceeding to the merits of the motion).

**CIVIL MINUTES – GENERAL**                                                                                        2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                    Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

workmen's compensation law; and (2) complete diversity does not exist in this case. (*See generally* Mot.)

## II.   Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] resid[e] with the intention to remain or to which [they] inten[d] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                                  Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

which its principal place of business is located, and (2) the state in which it is incorporated.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."  *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996).  But where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [\$75,000].").

When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the complaint."  *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal."  *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                          Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

### III.    Discussion

      a.   Remand Is Not Required Under 28 U.S.C. § 1445(c)

The court first considers whether this action arises under California's Workers' Compensation Act, such that the court lacks subject matter jurisdiction.  Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  "In the Ninth Circuit, a claim 'arises under' federal law if it involves a determination 'respecting the validity, construction, or effect of such a law and if the outcome depends on the result of that determination."  *Maslic v. ISM Vuzem d.o.o*., 2021 WL 4965005, at *8 (N.D. Cal. Oct. 26, 2021) (citing *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1143 (9th Cir. 2000)).  "Importing that definition to § 1445(c), a civil action 'arises under' a state's workers'-compensation law when the worker's-compensation law creates the plaintiff's cause of action or is a necessary element of the claim."  *Ramirez v. Saia Inc*., 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014).

In this case, the only cause of action asserted against Defendants Elaine Doe and Margerie Doe is for intentional infliction of emotional distress.  (Compl. ¶¶ 57-63.)  The remaining causes of action are asserted against Defendant Premium Brands for violations of FEHA, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, supervision, and retention.  (*Id.* ¶¶ 26-79.)  Although Plaintiff argues this case may not be removed because it arises under California's workers' compensation laws, Plaintiff does not sufficiently demonstrate the basis for her argument.  (Mot. at 5-6; Reply at 4-5.)  Based on the court's review of the Complaint, the claims and allegations do not suggest that California's "worker's-compensation law creates the plaintiff's cause of action or is a necessary element of the claim."  *Ramirez*, 2014 WL 3928416, at *2.  Indeed, the Complaint does not mention workers' compensation or any entitlement or right to such compensation.  (*See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                              Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

*generally* Compl.)  Accordingly, the court finds remand is not required under 28 U.S.C. § 1445(c).

      b. <u>Elaine Doe and Margerie Doe Are Not Sham Defendants</u>[2]

    The court next considers whether complete diversity exists in this action based on the citizenship of Defendants Elaine Doe and Margerie Doe.  The Complaint alleges Plaintiff, Defendant Elaine Doe, and Defendant Margerie Doe are residents of Orange County, California.  (Compl. ¶¶ 1, 3-4.)  The Complaint further alleges Defendant Premium Brands is an Ohio corporation that does business in California.  (*Id.* ¶ 2.)  Accordingly, if Defendants Elaine Doe and Margerie Doe are properly named, complete diversity would not exist.

---

[2] The court notes there is some debate in the Ninth Circuit regarding whether the citizenship of fictitious parties should be considered at removal.  Under 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b)(1).  However, district courts in the Ninth Circuit frequently distinguish between truly fictitious Doe defendants and those who have factual allegations "suggest[ing] their identity, citizenship, or relationship to the action."  *Gardiner Fam., LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015); *see also Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("[W]hen a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant."); *Johnson v. Starbucks Corp.*, 475 F. Supp. 3d 1080, 1084 (C.D. Cal. 2020) (considering citizenship of Doe defendants where the "allegations demonstrate that both Doe Defendants are not merely fictitious defendants; rather they are real parties known to [plaintiff] whose liability and relation to the suit is fully alleged in the FAC")  In this case, the court observes that both Elaine Doe and Margerie Doe appear to be real individuals whose last names are unknown to Plaintiff, (*see* Compl.), and Defendant Premium Brands does not argue that their citizenships should be disregarded outright under 28 U.S.C. § 1441(b)(1), (*see generally* Opp.).  Accordingly, the court considers the citizenships of all parties to determine whether complete diversity exists in this case.

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                           Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation and internal quotation marks omitted). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation and internal quotation marks omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)).

The court first considers whether Plaintiff has failed to state a claim against Elaine Doe and Margerie Doe and if that failure is "obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067. The Complaint asserts one cause of action for intentional infliction of emotional distress against Defendants Elaine Doe and Margerie Doe based on their alleged harassment of Plaintiff. (Compl. ¶¶ 13-23, 57-63.) Under California law, "[t]he elements of a prima facie case for the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Melorich Builders, Inc. v. Superior Ct.*, 160 Cal. App. 3d 931, 935 (1984) (citation and internal quotation marks omitted). "Liability for intentional infliction of emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (citation and internal quotation marks omitted). "Whether conduct is 'extreme and outrageous' is a

───────────────────────────────────────────────

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 8:23-cv-01207-FWS-DFM | Date: December 14, 2023 |
| Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.* | |

question of fact for a jury to resolve unless reasonable minds could not differ on the issue." *Duronslet v. Cnty. of Los Angeles*, 266 F. Supp. 3d 1213, 1219 (C.D. Cal. 2017) (citation omitted).

In this case, the court finds that Defendant Premium Brands has not met its burden of showing by clear and convincing evidence that Plaintiff is foreclosed from pursuing a claim against Defendants Elaine Doe and Margerie Doe. As noted above, the Complaint asserts a claim for intentional infliction of emotional distress against Elaine Doe and Margerie Doe based on their alleged harassment of Plaintiff. (Compl. ¶¶ 13-23, 57-63.) Although the Complaint contains limited allegations regarding their involvement, it is not clear that there are no circumstances under which they could be held liable to Plaintiff. The court reiterates that in these circumstances remand is required "if there is *any* possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." *Hunter*, 582 F.3d at 1044 (emphasis added).

This principle also applies to the possibility of liability in a future amended complaint. *See Revay v. Home Depot U.S.A., Inc.*, 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) (citation and internal quotation marks omitted) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an employee defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that defendant] for harassment under [a different statute].").

Accordingly, the court finds that Defendant Premium Brands has not met its burden of showing that Defendants Elaine Doe and Margerie Doe were fraudulently joined, such that their citizenship should be disregarded for purposes of establishing diversity jurisdiction. *See* 28 U.S.C. § 1332 (diversity jurisdiction requires that the suit is between citizens of different states and the amount in controversy exceeds $75,000). Because the court finds that Defendants

───────────────────────────────────────────────

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:23-cv-01207-FWS-DFM                                      Date: December 14, 2023
Title: Kathryn Engles v. Premium Brands OPCO LLC *et al.*

Elaine Doe and Margerie Doe are not sham defendants, the court also finds that complete diversity jurisdiction is lacking between each of the named parties because Plaintiff, Defendant Elaine Doe, and Defendant Margerie Doe are alleged to be residents of Orange County, California.  (Compl. ¶¶ 1, 3-4.)  *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").  Without complete diversity jurisdiction, remand to state court is appropriate.  Therefore, the Motion is **GRANTED** and the action is **REMANDED** to Orange County Superior Court.

**IV.   Disposition**

For the reasons set forth above, the Motion is **GRANTED,** and the action is **REMANDED** to Orange County Superior Court.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku